******************************************************************

The ''officially released'' date that appears near the beginning of this opinion is the date the opinion was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

This opinion is subject to revisions and editorial changes, not of a substantive nature, and corrections of a technical nature prior to publication in the Connecticut Law Journal.

******************************************************************

# IN RE FAITH D.-A.*
## (AC 44973)

Alvord, Elgo and Seeley, Js.

*Syllabus*

The petitioner, the Commissioner of Children and Families, sought to terminate the respondents' parental rights with respect to their minor child. Due to the COVID-19 pandemic, the trial on the termination petition was held remotely via Microsoft Teams. The respondent mother was represented by counsel and participated in the proceedings by telephone. The respondent father consented to termination. At the conclusion of the trial, the trial court rendered judgment terminating the respondents' parental rights. On the respondent mother's appeal, *held* that, pursuant to *State* v. *Golding* (213 Conn. 233), the record was inadequate to review the mother's claim that, by requiring her to participate in a virtual trial to terminate her parental rights without providing her with an electronic device that allowed her to appear before the court in the same manner as if she were on trial in a courtroom, she was denied due process of law and equal protection of the law under the fourteenth amendment to the United States constitution: although the parties agreed that the mother participated via telephone outside the proximity of her counsel, the record was silent as to whether the mother chose to turn her video off or whether she was unable to participate via video as a result of inadequate technology; moreover, other than one connectivity issue during the mother's canvass, there was no indication that she had difficulty hearing or participating at the trial, and the trial court repeated the canvass after being advised of the connectivity issue; furthermore, the mother did not ask for any technical assistance or accommodation during the trial; accordingly, the situation was analogous to that set forth in *In re Vada V.* (343 Conn. 730), in that the trial court was unable to assess any potential problems with the mother's ability to participate via video and had no occasion to consider alternative means for her to participate, to provide her with technology or Internet access, or to continue the trial until it could be held in person.

Argued September 6—officially released October 6, 2022**

*Procedural History*

Petition by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor child, brought to the Superior Court in the judicial district of New Haven, Juvenile Matters, where the respondent father consented to the termination of his parental rights; thereafter, the matter was tried to the court, *Hon. Richard E. Burke*, judge trial referee; judgment terminating the respondents' parental rights, from which the respondent mother appealed to this court. *Affirmed.*

*Matthew C. Eagan*, assigned counsel, with whom, on the brief, was *Albert J. Oneto IV*, assigned counsel, for the appellant (respondent mother).

*Nisa Khan*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Evan O'Roark*, assistant attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent mother, Shanequa A., appeals from the judgment of the trial court terminating her parental rights with respect to her minor child, Faith D.-A.[1] On appeal, the respondent claims that she was denied due process of law and equal protection of the law under the fourteenth amendment to the United States constitution because "the state compelled her to participate in a virtual trial to terminate her parental rights without providing her with an electronic device that allowed her to appear before the court in the same manner as if she were on trial in a courtroom."[2] We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. The Department of Children and Families became involved with the child at the hospital following the child's birth in December, 2018. At that time, the respondent presented with unaddressed mental health, substance abuse, and interpersonal violence issues.

On December 18, 2018, the petitioner, the Commissioner of Children and Families, filed an ex parte motion for an order of temporary custody, which was issued, and a neglect petition. On December 28, 2018, the order of temporary custody was sustained. On April 23, 2019, the child was adjudicated neglected and committed to the care and custody of the petitioner. The respondent and Barry D. were given specific steps to facilitate reunification with the child. On November 14, 2019, the trial court approved a permanency plan of termination of parental rights and adoption.

On January 10, 2020, the petitioner filed a petition seeking to terminate the parental rights of the respondent and Barry D. as to the child on the ground that they had failed to rehabilitate. Subsequently, Barry D. consented to the termination of his parental rights and the petition was amended as to Barry D. to allege consent as the sole ground for terminating his parental rights.

The trial on the petition was conducted virtually using Microsoft Teams[3] over two days, March 22 and April 26, 2021, before the court, *Hon. Richard E. Burke*, judge trial referee, with the respondent participating with her counsel on both days. On the first day of trial, the respondent joined the proceeding by phone. While the court was conducting a pretrial canvass of the respondent in accordance with our Supreme Court's decision in *In re Yasiel R.*, 317 Conn. 773, 120 A.3d 1188 (2015),[4] the respondent's telephone disconnected. When she reconnected, the respondent stated: "Sorry about that. The area I'm in is really not giving me good reception. It keeps making the phone call fell." The court repeated the canvass.

On the first day of trial, the petitioner presented the

testimony of two witnesses, and the respondent's counsel cross-examined each of the witnesses. On the second day of trial, the respondent again joined the proceedings by telephone. The respondent presented the testimony of one witness, and the respondent testified on her own behalf. Both parties entered exhibits into evidence.

In its memorandum of decision issued on July 20, 2021, the court terminated the parental rights of the respondent and Barry D. It found by clear and convincing evidence that the respondent had failed to rehabilitate. After making the seven findings required by General Statutes § 17a-112 (k), the court found by clear and convincing evidence that termination of the respondent's parental rights was in the child's best interest. This appeal followed.

On appeal, the respondent claims that she was denied due process of law and equal protection of the law under the fourteenth amendment to the United States constitution because "the state compelled her to participate in a virtual trial to terminate her parental rights without providing her with an electronic device that allowed her to appear before the court in the same manner as if she were on trial in a courtroom."[5] The respondent concedes that she did not raise this claim before the trial court and, therefore, seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, supra, 317 Conn. 781.

Pursuant to *Golding*, "a [respondent] can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the [respondent] of a fair trial; and (4) if subject to harmless error analysis, the [petitioner] has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40; see also *In re Yasiel R.*, supra, 317 Conn. 781 (modifying third prong of *Golding*). "The first two steps in the *Golding* analysis address the reviewability of the claim, [whereas] the last two steps involve the merits of the claim." (Internal quotation marks omitted.) *In re Aisjaha N.*, 343 Conn. 709, 719, 275 A.3d 1181 (2022).

On June 20, 2022, our Supreme Court released its decision in *In re Annessa J.*, 343 Conn. 642,        A.3d (2022), and its companion cases, *In re Vada V.*, 343 Conn. 730, 275 A.3d 1172 (2022), and *In re Aisjaha N.*, supra, 343 Conn. 709.[6] *In re Vada V.* is controlling of the issue raised in the present appeal. Accordingly, we begin with a discussion of that case.

In *In re Vada V.*, supra, 343 Conn. 732, 734, the court terminated the parental rights of the respondents after a trial held virtually, via Microsoft Teams, in October and November, 2020, during the COVID-19 pandemic. "The respondents were represented by separate counsel and participated in the proceedings through audio and video means." Id., 734. The respondent mother's counsel confirmed that she had been communicating with her client through text messages and email, and the respondent father's counsel indicated that he was communicating with his client through a messaging application. Id., 735–36. Although they experienced some connectivity issues, both respondents testified at trial. Id., 737.

On appeal, the respondents in *In re Vada V.* raised "various unpreserved state and federal constitutional arguments premised on the fact that the state did not provide the respondents, who were indigent, with their own exclusive devices and Internet connection to participate both visually and by audio in the proceeding." Id., 740. Our Supreme Court concluded that the record was inadequate to review the respondents' claims because the record was silent on, or undermined, the factual predicates to the respondents' claims. Id., 742. The court explained that "the trial court took numerous steps to ensure that the respondents could meaningfully communicate with their counsel throughout trial." Id. It further considered that the record was "silent as to the manner in which the respondents participated throughout the trial" and noted that when technical difficulties did arise, the trial court "took corrective measures to ensure that it, the parties and counsel could meaningfully participate." Id., 743–44. Finally, our Supreme Court emphasized that "neither [of the respondents] asked for technical assistance or accommodations from the trial court. Because the respondents did not raise any issue with their technology at trial, the trial court was unable to assess any potential problems with their ability to participate via video and had no occasion to consider alternative means for them to participate via video, to provide them technology or Internet access, or to continue the trial until it could be held in person." Id., 744–45.

Following the release of our Supreme Court's decisions in *In re Annessa J.*, *In re Vada V.*, and *In re Aisjaha N.*, this court ordered the parties in the present case to submit supplemental briefs. The petitioner argues, inter alia, that the record is inadequate to review the respondent's claim because, "just as in *In re Vada V.*, it does not contain any of the factual predicates to her claim, namely, facts about the manner in which she participated in the virtual trial." The respondent argues that the "record in this case is factually distinct" from *In re Vada V.* because, "[i]n this case, it is stipulated that the respondent appeared by telephone for the entire

proceeding." She further contends that "there is no indication in the record that the trial court took the numerous steps taken by the court in [*In re*] *Vada V.* to ensure that the respondent could meaningfully consult with her attorney during the proceeding." Last, the respondent maintains that "the record . . . demonstrate[s] that the respondent was attempting to access the hearing not through a high-speed connection or Wi-Fi but, instead, using regular cell phone service." She points to her comment that she did not have good reception as demonstrating that "the respondent's device was not even capable of producing a clear audio signal, never mind a signal reliable enough to establish video contact."

We disagree with the respondent that the record is adequate for review of her claim. Although the parties agree that the respondent participated via telephone outside the proximity of her counsel, there is nothing in the record demonstrating the type of device the respondent used or suggesting that the device lacked video capabilities. Thus, the record is silent as to whether the respondent "chose to turn her video off or whether she was unable to participate via video as a result of inadequate technology." *In re Aisjaha N.*, supra, 343 Conn. 720. With respect to the respondent's contention that service was poor, aside from the connectivity issue during the respondent's canvass, there is no indication in the record that the respondent had difficulty hearing or participating at the trial. Moreover, on being advised that there was a connection issue, the court repeated the canvass. At no time did the respondent ask the court for any technical assistance or accommodation. As a result, just as in *In re Vada V.*, supra, 343 Conn. 744–45, "the trial court was unable to assess any potential problems with [her] ability to participate via video and had no occasion to consider alternative means for [her] to participate via video, to provide [her] technology or Internet access, or to continue the trial until it could be held in person." "[O]ur role is not to guess at possibilities . . . but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the appellant's claims] would be entirely speculative." (Internal quotation marks omitted.) Id., 745. Accordingly, we conclude that the record is inadequate to review the respondent's claim.

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** October 6, 2022, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The court also terminated the parental rights of the respondent father, Barry D., who consented to termination and has not appealed from that

judgment. We hereinafter refer to the respondent mother as the respondent and to Barry D. by name.

[2] In her principal appellate brief, the respondent claimed that the failure to provide her with appropriate technology also violated the open courts provision of the state constitution. See Conn. Const., art. I, § 10. The respondent, however, abandoned this claim during oral argument before this court.

The respondent also asked this court, in her principal appellate brief, to reverse the decision of the trial court pursuant to its supervisory authority over the administration of justice. Specifically, she asked this court to "adopt a procedural rule, to be applied on remand, that would require the Superior Court, when conducting virtual trials in all child protection cases, to ensure that the participants appear by two-way video technology or otherwise waive the right to do so following a brief canvass." Subsequent to the filing of her principal brief, our Supreme Court, in *In re Aisjaha N.*, 343 Conn. 709, 723–24, 275 A.3d 1181 (2022), declined to exercise its supervisory authority to adopt such a rule. At oral argument before this court, the respondent's counsel abandoned this claim. Accordingly, we do not further discuss these two claims.

[3] Microsoft Teams is "collaborative meeting [computer software] with video, audio, and screen sharing features." Connecticut Judicial Branch, Connecticut Guide to Remote Hearings for Attorneys and Self-Represented Parties (November 23, 2021) p. 5, available at https://jud.ct.gov/HomePDFs/ ConnecticutGuideRemoteHearings.pdf (last visited October 5, 2022).

[4] In *In re Yasiel R.*, supra, 317 Conn. 795, our Supreme Court exercised its supervisory authority to "require that, in all termination proceedings, the trial court must canvass the respondent prior to the start of the trial. The canvass need not be lengthy as long as the court is convinced that the respondent fully understands his or her rights. In the canvass, the respondent should be advised of: (1) the nature of the termination of parental rights proceeding and the legal effect thereof if a judgment is entered terminating parental rights; (2) the respondent's right to defend against the accusations; (3) the respondent's right to confront and cross-examine witnesses; (4) the respondent's right to object to the admission of exhibits; (5) the respondent's right to present evidence opposing the allegations; (6) the respondent's right to representation by counsel; (7) the respondent's right to testify on his or her own behalf; and (8) if the respondent does not intend to testify, he or she should also be advised that if requested by the petitioner, or the court is so inclined, the court may take an adverse inference from his or her failure to testify, and explain the significance of that inference. Finally, the respondent should be advised that if he or she does not present any witnesses on his or her behalf, object to exhibits, or cross-examine witnesses, the court will decide the matter based upon the evidence presented during trial. The court should then inquire whether the respondent understands his or her rights and whether there are any questions."

[5] Counsel for the child adopted the brief of the petitioner.

[6] In the present case, the petitioner's counsel filed with this court a letter in which she represented that all counsel agreed that this court should hold oral argument in this appeal after the release of our Supreme Court's decisions in *In re Annessa J.*, *In re Vada V.*, and *In re Aisjaha N.*